**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-6216**

_____

ANTHONY FRED MARTIN,

            Plaintiff - Appellant,

      v.

WILLIAM BYERS; WARDEN MICHAEL MCCALL; LIEUTENANT BRIAN
DEGEORGIS; DENNIS ARROWOOD; OFFICER BRANDON EICU; OFFICER
TRAVIS THURBER,

            Defendants – Appellees,

      and

MS. SYNDER, Grievance Coordinator,

            Defendant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  David C. Norton, District Judge.
(4:12-cv-02100-DCN)

_____

Submitted:  July 31, 2014          Decided:  August 11, 2014

_____

Before MOTZ, KEENAN, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Anthony Fred Martin, Appellant Pro Se.  James Victor McDade,
DOYLE, O'ROURKE, TATE & MCDADE, PA, Anderson, South Carolina,
for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Fred Martin, a South Carolina prisoner, filed an action pursuant to 42 U.S.C. § 1983 (2012) against a number of Perry Correctional Institution employees. Martin's complaint alleged in part that on December 20, 2011, three prison officials entered his cell to conduct a search, one of whom masturbated in Martin's presence and used excessive force in restraining him (the "December 20 incident"). Martin raised claims of Eighth Amendment violations against the officers and several additional prison employees, as well as a claim of civil conspiracy. Martin appeals the district court's order adopting the magistrate judge's report and recommendation and granting summary judgment in favor of the Defendants. We affirm.

The magistrate judge, to whom the district court referred this case pursuant to 28 U.S.C. § 636(b)(1)(B) (2012), recommended that relief be denied and advised Martin that failure to file timely objections to this recommendation could waive appellate review of a district court order based upon the recommendation. Such timely filing of specific objections is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

Martin's objections to the report and recommendation challenged the magistrate judge's failure to address his conspiracy claim. Because Martin failed to specifically object to the magistrate judge's recommendation regarding the remainder of his claims after receiving notice of the consequences for failure to do so, he has waived appellate review of such claims. See In re Under Seal, 749 F.3d 276, 287 (4th Cir. 2014) ("[A]n objection on one ground does not preserve objections based on different grounds." (internal quotation marks omitted)).

On appeal, Martin again challenges the district court's dismissal of his conspiracy claim. "To establish a civil conspiracy under § 1983, Appellant[] must present evidence that the Appellees acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in Appellant['s] deprivation of a constitutional right . . . ." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). This is a "weighty burden." Id. Furthermore, the factual allegations must amount "to more than rank speculation and conjecture" and must "give rise to an inference that each alleged conspirator shared the same conspiratorial objective." Id. at 422. We agree with the district court that Martin's allegations fail to meet these standards, and therefore affirm its resolution of the claim.

Accordingly, we affirm the district court's order granting summary judgment in favor of the Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>